UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-  Case No. 6:13-cr-214-Orl-28DAB

**RAY ROBERSON**

### ORDER

This case is before the Court on the Government's Motion to Correct Scrivener's Error (Doc. 15). Defendant has filed a Response and Objection (Doc. 22), and the Government has responded (Doc. 24) to that Objection.

I. Background

On August 21, 2013, the grand jury returned an Indictment (Doc. 7) charging Defendant with knowingly transporting and selling spotted turtles with a market value of over $350 in interstate commerce, "in violation of and in a manner unlawful under the laws and regulations of South Carolina, specifically, South Carolina Code of Laws, Title 50, Chapter 15, Section 70, South Carolina Code of Regulations, Chapter 123, Section 129.151.1(A)(1), all in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and . . . 3373(d)(1)(B)."[1] In the motion now before the Court, the Government explains that the Indictment contains a typographical error in the number of the South Carolina

---

[1] Section 3372(a)(2)(A) of Title 16 provides in part that "[i]t is unlawful for any person . . . to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce . . . any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law." Section 3373(d)(1)(B) specifies criminal penalties.

regulation—that is, the regulation number should be section 123.151.1(A)(1) instead of section 129.151.1(A)(1).[2]

II. Discussion

"[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." Russell v. United States, 369 U.S. 749, 770 (1962). "An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burden[,] and is not otherwise prejudiced." United States v. Kegler, 724 F.2d 190, 194 (D.C. Cir. 1983). "An amendment that is merely a matter of form is permissible in situations where the indictment is 'sufficiently detailed that there could have been no confusion as to what the government alleged the defendants had done.'" United States v. Bell, 500 F. App'x 133, 136 (3d Cir. 2012) (quoting United States v. Nelson, 852 F.2d 706, 715 (3d Cir. 1988)). "Thus, the modern rule is that an indictment may be amended by the court, provided that the amendment is not substantial, it is sufficiently definite and certain, the accused is not taken by surprise, and any evidence the defendant had before the amendment would be equally available to him after the amendment." Kegler, 724 F.2d at 195. And, "the correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms." United States v. Miller, 116 F.3d 641, 669-70 (2d Cir. 1997).

---

[2] Indeed, there is no section 129.151.1(A)(1) in the South Carolina Code of Regulations—there is no chapter 129 at all. And, all of the sections of chapter 123 begin with 123 instead of 129.

Defendant argues that the correction sought by the Government is not just a correction of form, but this argument is not persuasive. "A purpose of indictments is 'to inform[] the defendant[] of the crime charged with sufficient clarity to allow [him] to adequately defend against the charges . . . .'" United States v. Esparza-Ponce, 7 F. Supp. 2d 1084, 1090 (S.D. Cal. 1998) (alterations in original) (quoting United States v. Boone, 951 F.2d 1526, 1542 (9th Cir. 1991)). "An indictment is sufficient even if it references an incorrect statute, as long [as] it does not prejudicially mislead the defendant." Id. "'Indeed, courts generally do not regard the statutory citation as *part* of the indictment.'" Id. (quoting United States v. Lipkis, 770 F.2d 1447, 1452 (9th Cir. 1985)).

Moreover, Federal Rule of Criminal Procedure 7(c) provides in part that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and that "[f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). The rule also provides that, as to "citation error," "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Fed. R. Crim. P. 7(c)(2).

The Government's requested change is to cite the correct number of the underlying South Carolina regulation. Correction of the regulation number is merely correction of a clerical error. The original Indictment provides a statement of the essential facts constituting the offense charged as required, and Defendant will not be prejudiced by correction of the clerical error. The Indictment may properly be amended to correct the number of the South

-3-

Carolina regulation at issue. See Esparza-Ponce, 7 F. Supp. 2d at 1090 (declining to dismiss indictment where it cited section 684 of California Penal Code instead of section 484); see also United States v. Clark, 416 F.2d 63, 64 (9th Cir. 1969) ("We read Rule 7(c) to permit the citation of a statute on an indictment to be amended where, as here, the facts alleged in the indictment will support such a change.").

The Government seeks to change the number of the South Carolina regulation from 129.151.1(A)(1) to 123.151.1(A)(1). The Court's research indicates, however, that South Carolina numbers its regulations with a hyphen instead of a period after the chapter number. The correct number of the regulation is actually 123-151.1(A)(1) rather than 123.151.1(A)(1) as suggested by the Government. The Indictment shall be amended with this correction, and the Government may file an amended indictment that reflects the correct regulation number.

Accordingly, the Government's Motion to Correct Scrivener's Error (Doc. 15) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on this 30 day of December, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Ray Roberson